CIVIL ACTION NO. 09-298-GWU

DORA SHORT,                                                                    PLAINTIFF,


VS.                          **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                          DEFENDANT.


## INTRODUCTION

Dora Short brought this action to obtain judicial review of an unfavorable

administrative decision on her application for Disability Insurance Income (DIB).

The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation

process in assessing whether a claimant is disabled.

1.      Is the claimant currently engaged in substantial gainful activity?
        If so, the claimant is not disabled and the claim is denied.

2.      If the claimant is not currently engaged in substantial gainful
        activity, does he have any "severe" impairment or combination
        of impairments--i.e., any impairments significantly limiting his
        physical or mental ability to do basic work activities? If not, a
        finding of non-disability is made and the claim is denied.

3.      The third step requires the Commissioner to determine
        whether the claimant's severe impairment(s) or combination of
        impairments meets or equals in severity an impairment listed

in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments).  If so, disability is conclusively presumed and benefits are awarded.

4.     At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

5.     If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance

6

on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Short, a 45-year-old former retail associate, stock/freight clerk, certified nursing assistant and school bus driver with a high school education, suffered from impairments related to an L4-L5 annular tear/bulging L4-L5 disc with radiculopathy, and obesity. (Tr. 14, 18).  While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform essentially the full range of sedentary level work.  (Tr. 15, 18).  Based upon application of Rule 201.27 of the Medical Vocational Guidelines, the claimant could not be considered totally disabled.  (Tr. 18-19).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  However, the current record also does not mandate an immediate award of DIB.  Therefore, the court must grant the plaintiff's summary judgment motion in so far as it seeks a remand of the action for further consideration and deny that of the defendant.

In determining Short's residual functional capacity, the ALJ gave the most weight to the opinion of Dr. James Bean, a treating neurosurgeon.  (Tr. 17-18).  Dr.

Bean noted a diagnosis of an L4-L5 degenerative disc bulge and concluded that the patient had reached maximum medical improvement in May of 2007.  (Tr. 335). The doctor opined that the plaintiff would be limited from lifting more than 15 pounds, should not perform repetitive bending, stooping or twisting, and should not stand in one place for prolonged time periods.  (Id.).  The ALJ adopted these restrictions as his own residual functional capacity finding.  (Tr. 15).

Despite the inclusion of several non-exertional restrictions pertaining to prolonged standing, bending, stooping and twisting, the ALJ indicated that Short would be able to perform the full range of sedentary level work and relied upon Rule 201.27 of the Medical-Vocational guidelines (grids) to meet his burden of proof that a significant number of other jobs were available to Short despite her inability to return to any past relevant work.  (Tr. 18-19).  The Sixth Circuit Court of Appeals has noted that "the general rule in this circuit is that, where a claimant has non-exertional impairments alone or in combination with exertional limitations, the ALJ must treat the grids as only a framework for decision making, and must rely on other evidence to determine whether a significant number of jobs exist in the national economy that a claimant can perform." Jordan v. Commissioner of Social Security, 548 F.3d 417, 424 (6th Cir. 2008).  The Sixth Circuit has also found that "reliance upon the grids in the presence of non-exertional limitations requires reliable evidence of some kind that the claimant's non-exertional limitations do not

significantly limit the range of work permitted by [her] exertional limitations."
Shelman v. Heckler, 821 F.2d 316, 321 (6th Cir. 1987).  In the present action, the
ALJ cited Social Security Ruling (SSR) 96-9p as support for the assertion that
essentially the full range of sedentary level work could still be done despite the
aforementioned non-exertional restrictions.  (Tr. 19).  The undersigned agrees that
with regard to the limitations pertaining to prolonged standing and bending or
stooping, SSR 96-9p indicates that the range of sedentary level work would not be
seriously eroded.  However, the Social Security Ruling does not mention the effect
of a restriction concerning repetitive twisting.  Thus, SSR 96-9p does not provide
reliable evidence that a significant number of sedentary level jobs could still be
performed despite the existence of this particular non-exertional restriction, and the
ALJ could not rely upon the grids for more than a framework for decision making.
Since the extent of the erosion of the sedentary level job base is not clear, SSR 96-
9p indicates that the ALJ either needed to consult other authoritative written sources
or obtain the testimony of a vocational expert in order to address the twisting
limitation.  Therefore, a remand of the action for further consideration is required.

Dr. Henry Tutt, an examining consultant, opined that Short did not suffer from
any physical restrictions.  (Tr. 416).  The ALJ specifically rejected Dr. Tutt's opinion
in favor of that of Dr. Bean.  (Tr. 18).  This action was appropriate since Dr. Tutt's
opinion would be outweighed by that of Dr. Bean who was a treating source.

Therefore, this opinion does not provide an alternative ground to support the administrative decision.

The court notes that Dr. Robert Hoskins (Tr. 403), an examining consultant, and Dr. Parandhamulu Saranga (Tr. 369-376) identified somewhat different but not necessarily totally disabling physical restrictions than those found by the ALJ. These opinions were not fully adopted by the ALJ and would be outweighed by that of Dr. Bean. (Tr. 17). Therefore, these opinions also do not provide an alternative ground to support the administrative decision.

The court notes that the Worker's Compensation Board concluded that Short could return to her past relevant work. (Tr. 170-186). The ALJ noted this decision on the current claim but found that it would not be fully binding. (Tr. 17). The administrative regulations provide that determinations concerning disabled status made by other agencies are based on their rules rather than Social Security law and, so, are not binding on the administration. 20 C.F.R. § 404.1504.

Dr. Karen Saylor, a treating source, identified extremely severe physical restrictions on a September, 2008 assessment form. (Tr. 465). Short asserts that this opinion supports her claim of total disability. The ALJ noted a number of reasons why this opinion was not entitled to controlling weight, including the conservative nature of the plaintiff's treatment, the lack of signs or findings consistent with such severe restrictions, and the fact that it was contradicted by the

10

opinion of Dr. Bean, another treating source.  (Tr. 16-17).  Therefore, the ALJ properly rejected Dr. Saylor's opinion.

Finally, Short asserts that the ALJ erred in finding that her subjective complaints were not fully credible.  (Tr. 16).  The court has no need to address this issue since the action will be remanded to the Commissioner on other grounds.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the court must grant the plaintiff's summary judgment motion to this extent and deny that of the defendant.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 9th day of June, 2010.

**Signed By:**

**_G. Wix Unthank_**

**United States Senior Judge**